UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  
Soo Hotels, Inc.

Chapter 11  
Case No. 21-45708-mlo

Hon. Maria L. Oxholm

Debtor.
_____/

## AMENDED MOTION FOR ORDER APPROVING SALE PROCEDURES

Kimberly Ross Clayson, Trustee in Possession (the "Trustee"), moves this Court for an order approving the sale procedures in connection with a sale to an entity to be formed by Debtor's current shareholder, Dominic Shammami, ("Buyer") or the highest bidder of certain property of the Debtor's estate referred to in the Sale Motion as "Business Property." (Docket No. 146). This motion amends the sale procedures motion filed at Docket No. 108. In support of this Motion, the Debtor states as follows:

1. Concurrent with this Motion the Debtor filed its motion to approve sale pursuant to 11 U.S.C. §363. The sale is subject to court approval and subject to franchisee, Choice Hotels, Inc.'s approval of the buyer.

2. The proposed sale under Bankruptcy Code §363(b) is subject to higher and better offers, in order to ensure that a fair and equitable value is attributed to the

1

property for the benefit of the Debtor's estate and creditors. In §363 sales, competing bids are typically solicited at an auction conducted by the Bankruptcy Court. The initial proposed purchaser is, in this fashion, a "stalking horse" in a process designed to elicit potentially more advantageous sale terms for creditors' benefit. By subjecting the proposed purchaser's offer to competing bids, the Bankruptcy Court ensures that the value of the asset to be sold is maximized for the benefit of creditors.

3. Bidding need not be completely unrestricted, however, and the Bankruptcy Court retains authority to control the bidding process to ensure that other concerns relevant to the sale of the asset are addressed. In fact, competing bids must not only be "higher" in the sense that the proposed price is greater than the original price, but must be "better," in that the overall terms of the bid must improve on the original proposed purchase agreement (including benefits attained by the particular identity and nature of the purchaser and the use to which the purchaser proposes to put the property).

4. In order to ensure that the value of the Business Property is maximized for the benefit of the bankruptcy estate and creditors, the Trustee respectfully requests that the Court impose the following Guidelines for the submission of competing bids:

    a. On or before 5:00 EDT on April 19, 2022 all prospective bidders must submit by electronic communication to kclayson@jaffelaw.com (1) proof of funds in an amount not less than the total proposed purchase price for the

Debtor's assets either by means of a certified bank account balance, binding letter of credit or a combination of those items equivalent to at least $460,000 or proof of credit approval or funds of at least $310,000 together with a letter of approval by Central Savings Bank to assume the SBA loan debt of approximately $150,000.00. Interested bidders shall also arrange to deposit not less than $15,000 as an earnest money deposit (in cash, cashier's check, or wired funds) on or before April 19, 2022;

    b.    All bids as allowed by the Court under Bankruptcy Code §363(k) must:

        i. provide information satisfactory to the Trustee regarding the bidder's financial ability to close; ii. provide adequate assurance that the Business Property will be operated without interruption by the bidder (or independent contractor hired by such bidder) in conformity with all applicable state and federal laws, regulations, and licenses; and iii. identify the entity proposing to operate the Business Property and that entity's qualifications to do so (such qualifications meeting with the Court's approval);

    c. At Auction, any competing bid must exceed the Purchase Price and every bid thereafter by at least $10,000.

6.    All prospective bids and the prevailing bid shall be subject to and in accordance with the terms set forth in the Asset Purchase Agreement filed as an

3

4865-9863-7913, v. 1    21-45708-mlo    Doc 147    Filed 03/18/22    Entered 03/18/22 11:36:49    Page 3 of 8

exhibit to the Trustee's sale motion and the terms of the court's final order authorizing the Sale. Competitive bidding shall only be based on higher bids in terms of dollar amount, no other terms and conditions or asset purchase agreements will be accepted in the bidding process.

7. The Closing is to occur no later than the May 5, 2022 unless extended by agreement among the Trustee, Buyer or the highest bidder by entry of a final order;

8. Should the highest bidder fail to close by the deadline set forth in Paragraph 7 above, the Trustee shall promptly notify the second highest bidder (the "Back-Up Buyer") who may give the Debtor written notice of intent to close no later than the 20th day that is a business day after this Court approves the sale of the Business Property and the Back-Up Buyer shall close on the sale no later than the 30th day that is a business day after this Court approves the sale of the Business Property.

9. Upon the timely submission of at least one additional bidder, the date, time and location of the auction shall be April 29, 2022, 10:00am (EST) at the office designated by the Trustee all bidders or parties who wish to attend the auction shall contact the Trustee to request the auction location by written email request to kclayson@jaffelaw.com. The auction shall be conducted in the presence of a court reporter. In the event that the auction is held in person, all attendees and prospective bidders shall follow the designated Covid-19 protocols and instructions provided by

the Trustee at least 3 business days prior to the auction date. Those protocols may require attendees and bidders to wear protective facial coverings that cover the nose and mouth and to present a negative PCR test completed within 72 hours prior to the auction date and time as well as participate in other health screening requirements. Attendees who do not intend to participate in bidding may arrange with the Trustee to attend by video or teleconference at least 3 business days prior to the auction date.

10. The auction shall close at such time that no higher bids are tendered. No telephone appearances shall be permitted, if remote bidding is required, all participating bidders shall appear by video conference and shall consent to visibly appear via video recording of the auction and otherwise according to the Trustee's instructions. In the event that no timely bidder deposits are submitted then the auction will not take place.

11. If no prospective bidders submit in full the requisite bid qualifications on or before the bid qualification deadline of April 19, 2022, the Trustee will not hold the auction and the date of the auction will be cancelled.

12. The Debtor submits that these Guidelines are sufficient to invest the Debtor with the ability to adequately control the bidding process and avoid any prejudice to the Debtor's estate and creditors and the Business Property.

WHEREFORE, the Debtor respectfully requests that the Court enter the order set forth as **Exhibit 1** approving sale procedure, and granting any additional relief the Court deems appropriate.

Respectfully submitted,
SUBCHAPTER V. TRUSTEE

By: /s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road – Suite 2500
Southfield, MI 48034
P: 248.351.3000
kclayson@jaffelaw.com

Dated: March 18, 2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                    Chapter 11
Soo Hotels, Inc.                       Case No. 21-45708-mlo

                                          Hon. Maria L. Oxholm

                Debtor.
_____/

## **NOTICE OF MOTION FOR ORDER APPROVING SALE PROCEDURES**

The Trustee in Possession for Debtor Soo Hotels, Inc. filed its Motion for Order Approving Sale Procedures in connection with its Motion to Approve Sale of Property of the Estate Outside of the Ordinary Course of Business Under 11 U.S.C. §363 Free and Clear of Liens and Interests with Liens and Interests to Transfer to Sale Proceeds.

     **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

     If you do not want the court to relief sought in the motion, or if you want the court to consider your views on the motion, within fourteen (14) days, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:
                         United States Bankruptcy Court
                         211 W. Fort Street, 2100
                         Detroit, MI 48226

7

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

| | |
|---|---|
| Office of the United States Trustee<br>211 W. Fort Street, 7th Floor<br>Detroit, MI 48226 | Kimberly Ross Clayson<br>Subchapter V Trustee<br>27777 Franklin Rd. Suite 2500<br>Southfield, MI 48034 |

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Respectfully submitted,

SUBCHAPTER V. TRUSTEE

By: /s/ Kimberly Ross Clayson
Kimberly Ross Clayson (P69804)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road – Suite 2500
Southfield, MI 48034
P: 248.351.3000
kclayson@jaffelaw.com

Dated: March 18, 2022