UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Soo Hotels, Inc.  Case 21-45708-mlo
  Chapter 11 Subchapter V
    Debtor.  Hon. Maria L. Oxholm

_____/

## ORDER DISMISSING THE DEBTOR'S CASE
## AND GRANTING RELATED RELIEF

Soo Hotels, Inc. (the "Debtor"), the Subchapter V Trustee and Trustee in Possession (the "Trustee"), the Debtor's shareholders, the Michigan Unemployment Insurance Agency and the United States Trustee having entered into a stipulation for entry of this order of dismissal; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the court having issued an order of show cause as to why the Debtor's case should not be dismissed due to the Debtor's failure to confirm a plan pursuant to Chapter 11, Subchapter V of the bankruptcy Code; and sufficient cause existing for the relief granted herein:

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The proposed dismissal of this chapter 11 bankruptcy case by stipulation to entry of this order is hereby approved, and Debtor's chapter 11 bankruptcy case is hereby DISMISSED effective immediately, subject to the provisions of this Order;

2. Upon entry of this order, the Trustee and all other Professionals shall file final fee applications within 28 days of the entry of this Order, or such claims shall be forever barred. A fee application in the specified amount for each Professional allowed by the Court will be deemed an allowed administrative expense;

3. Creditors who assert administrative expenses under 11 U.S.C. § 503 must file an application or motion for allowance of such administrative expense within 14 days of the entry of this Order, or such claims shall be forever barred;

4. Upon the entry of orders allowing final fee applications filed by the Professionals, the following distributions shall be made by the Trustee:

    a. the holders of allowed administrative expenses in this case will receive at least a pro rata distribution or up to 100 percent of allowed claims from the proceeds held by the Trustee;

    b. Estimated administrative expenses are $120,000.00 which shall be paid out of the trustee in possession account with an approximate balance of $120,000.00.

    c. The Trustee shall retain $2,500.00 to cover the administrative; expenses that accrue for the filing of any final reports required by the Bankruptcy Code or Rules or by this Court (the "Final Holdback");

    d. Remaining proceeds, if any, held by the Trustee after disbursement of the allowed administrative expenses shall be disbursed to the Debtor;

    e. Remaining proceeds, if any, held by the Trustee after disbursement of the Final Holdback for administrative expenses the Trustee incurs to file any final reports referenced in subsection 4 (c) shall be disbursed to the Debtor;

5. Any creditors or sharholders who (a) timely file applications for allowance of administrative expenses pursuant to paragraph 2 of this Order, and (b) object to the pro-rata distribution set forth in paragraph 4(a) of this Order, must file such written objections with the Court within 35 days of the entry of this Order;

6. The Debtor's case will not be closed and will remain open for the limited purpose of the fee application approval process, and filing any final reports and monthly operating reports;

7. The Trustee will not make any disbursements for pre-petition general unsecured claims or any other claims unless otherwise approved by the Court;

8. Effective immediately, the Trustee is discharged from all duties to operatethe business of the Debtor.

9. As soon as reasonably practicable upon the payment of the amounts set forth above, the Trustee will file with the Court a certification requesting the closure of this bankruptcy case.;

10. Notwithstanding anything to the contrary in section 349 of the Bankruptcy Code: (i) all orders entered in this bankruptcy case shall continue in full force and effect, and (ii) all property of the Debtor's estate, other than the property disbursed to pay allowed administrative expense claims set forth in this Order shall revest in the Debtor upon entry of this Order;

11. The Trustee shall serve a copy of this Order upon the creditor and interested party matrix within three business days;

12. The Court shall retain jurisdiction to the extent necessary to hear and decide all administrative expense applications referred to in this Order;

13. The stay pursuant to 11 U.S.C. §362 shall be lifted upon entry of this order of dismissal.

**Signed on May 31, 2022**



/s/ Maria L. Oxholm
_____
Maria L. Oxholm
United States Bankruptcy Judge